Filed 7/16/24  P. v. Lopez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BENNY MENDEZ LOPEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B327881<br>(Super. Ct. No. CR47771C)<br>(Ventura County) |

Benny Mendez Lopez appeals from a postjudgment motion for resentencing.  He is serving a sentence of 25 years to life for first degree murder.  He accomplished this crime using a baseball bat.  (See *People v. Schell* (2022) 84 Cal.App.5th 437, 440.)  He was represented by appointed counsel at an abbreviated evidentiary hearing.  He was not physically present in court and did not appear either by telephone or "zoom" video.  The transcript of the brief resentencing hearing is appended hereto as Exhibit A and incorporated herein.  A criminal defendant has a constitutional right to be present at a resentencing proceeding.  (*People v. Cutting* (2019) 42 Cal.App.5th 344, 347-348.)  Thus, the

trial court erred by going forward with the hearing in his absence without an explicit waiver of the right to be present. (*People v. Santos* (2024) 100 Cal.App.5th 666, 677-678, review granted Mar. 14, 2024, S284341.) Error in proceeding without physical "presence" or a waiver is not reversible if the error was/is harmless beyond a reasonable doubt. (*Id*. at p. 678.)

The trial court's error is harmless beyond a reasonable doubt. Appellant falsely checked the box that he could not be presently convicted under the murder statutes now extant. Nothing in the new and ameliorative murder statutes has anything to do with appellant's conviction for first degree murder. This murder conviction has nothing to do with the "natural and probable consequences" theory of murder now jettisoned by the Legislature. It also has nothing to do with the Legislature modifying the felony murder rules.

Appellant beat the victim to death with a baseball bat with the assistance of his gang cohorts. This was, as a matter of law, a premeditated murder. He was, and is, ineligible for resentencing as a matter of law. Nothing he could say, by way of law, or facts, could change this result. Competent and experienced counsel, obviously recognized this and submitted the matter for the trial court's ruling. It is not ineffective assistance of counsel for an attorney not to make a frivolous presentation to the court.

Relying upon *People v. Basler* (2022) 80 Cal.App.5th 46, 59-60, appellant contends, "Given that counsel presented no evidence and made no arguments at the evidentiary hearing, respondent will be unable to prove beyond a reasonable doubt that appellant's absence was harmless." (Bold and capitalization omitted.) The case relied upon is factually distinguishable because in *Basler*, there was a true issue as to the degree of appellant's culpability for the murder. That is not the situation

2

here.  To the extent that our holding is at variance with *Basler*, we decline to follow it.  We briefly explain why.  The trial court could, and did, reasonably credit appointed counsel's representation that no further evidence was to be introduced.  (*People v. Samayoa* (1997) 15 Cal.4th 795, 827; see also *Huang v. Hanks* (2018) 23 Cal.App.5th 179, 183, citing *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140 ["""[a]ll intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent . . .""""]; *People v. Torres* (2020) 47 Cal.App.5th 984, 989.)  Thus, a silent record is not a basis for declaring reversible error.

If appellant was deprived of presence at the hearing which he wanted, his remedy is to seek relief in a habeas corpus petition.  Appellant's present appointed counsel speculates on what appellant could have done at the evidentiary hearing.  It may well be that appellant told his attorney that he did not want to present any evidence.  This inference is likely.  Appellant had written a letter to the victim's family which, in pertinent part, provides: "I made the biggest and worse imaginable decision of my life and beat and killed Mr. Billy Zara.  I made the horrible choice as a coward and picked up the baseball bat and hit Mr. Billy Zara that ended his life and taking away his right to live."  If sincere, this apology will assist appellant at a future parole hearing.  But it is not relevant at a resentencing hearing.  It may explain why appellant did not want to be present at the resentencing hearing.

Reversal for appellant's presence or for securing a waiver of presence would be an idle act.  We hasten to observe that if there was any possibility of relief, we would grant relief.

*Disposition*

The judgment (order denying resentencing) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

4

# EXHIBIT A

VENTURA, CALIFORNIA; TUESDAY, APRIL 4, 2023

A.M. SESSION

--oOo--

THE COURT:  We're present in the matter of People versus Lopez.

Let's have appearances, please.

MS. NAFZIGER:  Good morning.  Audry Nafziger for the People.  Please excuse my lateness.

MR. STEINFELD:  Joel Steinfeld appearing for Mr. Lopez, you Honor, who is in the state prison system.

THE COURT:  Very well.

Okay.  So the matter comes on for a hearing on the defendant's petition under Penal Code section 1172.6.

The petition does state a prima facie case for relief requiring evidentiary determination by the Court.

It's the Court's understanding that the defense wishes to rely on the state of the evidence and does not intend to introduce any new evidence; correct?

MR. STEINFELD:  That's correct.

THE COURT:  All right.  And in anticipation of that, the Court has done the evidentiary review and is prepared then to rule on that basis.

Any objection to that, Ms. Nafziger?

MS. NAFZIGER:  None, your Honor.

THE COURT:  All right.  The Court having done so -- let's see.  Let me look at my notes here.  I'll note that in conducting its review, the Court has reviewed the entirety of

the court's file and proceedings below in this case.

In addition, the appellate opinion in this case and the appellate opinion upholding this Court's denial of co-defendant Schell's petition, that's spelled, S-c-h-e-l-l, petition for relief under the same statute. And the Court, therefore, does find beyond a reasonable doubt that Defendant Lopez' actions were more directly responsible for the victim's death in this case than those of the co-defendant Schell, whose petition was also denied, and upheld on appeal. Specifically the Court finds the defendant was convicted of first degree, intentional, and premeditated murder; that the defendant did harbor actual malice and actual premeditated intent to murder. The defendant personally delivered the fatal blows by striking the victim repeatedly in the head with a baseball bat, even after the victim was unconscious, and bystanders were pleading with the defendant to stop because he was killing the victim.

And, finally, the defendant did, in fact, harbor actual malice, was the actual killer, and was at the very least a major participant in the underlying felony and acted with reckless indifference to human life.

On that basis then, the petition is denied.

Anything further, Mr. Steinfeld?

MR. STEINFELD: No. Thank you, your Honor.

THE COURT: Ms. Nafziger?

MS. NAFZIGER: No. Thank you, your Honor.

THE COURT: All right. Very well.

I'll give you a something for the minutes.

THE CLERK:  Perfect.  Thank you, your Honor.

MR. STEINFELD:  Thank you, your Honor.

THE COURT:  Thank you.

(Proceedings concluded.)

--o0o--

David R. Worley, Judge

Superior Court County of Ventura

_____

Richard Lennon, Executive Director, Rudy Alejo, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, Yun K. Lee, Deputy Attorney General, for Plaintiff and Respondent.